# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**605**

**CA 11-02161**

PRESENT: SMITH, J.P., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF THE APPLICATION OF LOLA
BANKS, PETITIONER-APPELLANT,

FOR THE APPOINTMENT OF A GUARDIAN OF THE      MEMORANDUM AND ORDER
PERSONAL NEEDS AND PROPERTY MANAGEMENT OF
CHARLIE B.H., AN ALLEGED INCAPACITATED PERSON,
RESPONDENT.

---

JOY A. KENDRICK, BUFFALO, FOR PETITIONER-APPELLANT.

PHILIP A. MILCH, BUFFALO, FOR RESPONDENT.

-----------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered May 27, 2011 in a proceeding pursuant to Mental Hygiene Law article 81. The order, insofar as appealed from, denied petitioner's request for additional counsel fees for Joy A. Kendrick, Esq.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the second ordering paragraph is vacated and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following Memorandum: In this proceeding pursuant to Mental Hygiene Law article 81, petitioner, the property guardian of a now-deceased incapacitated person, appeals from an order that, inter alia, denied petitioner's request for additional counsel fees. At the outset, we conclude that Supreme Court erred in determining that the rules embodied in 22 NYCRR part 36 govern the appointment of petitioner's attorney. Pursuant to 22 NYCRR 36.1 (b) (2) (i) (A), the rules embodied in part 36 "shall not apply to . . . the appointment of, or the appointment of any persons or entities performing services for, . . . a guardian who is a relative of . . . the subject of the guardianship proceeding" and, here, the record establishes that petitioner was the incapacitated person's third cousin. We also note that neither of the exceptions set forth in 22 NYCRR 36.1 (b) applies to this case (*see* 22 NYCRR 36.2 [c] [6], [7]).

We further conclude that the court erred in summarily denying petitioner's request for additional counsel fees. Instead, the court should have permitted petitioner to render a final report and to petition for judicial settlement thereof (*see* Mental Hygiene Law § 81.44 [f]), as well as to seek a determination on all administrative expenses, including counsel fees incurred in providing services to petitioner (*see generally Matter of Albert K. [D'Angelo]*, 96 AD3d 750,

752-753), before summarily concluding that petitioner's attorney is not entitled to compensation beyond the $28,845 that she has already been paid with respect to this matter.  In view of our determination, we do not address petitioner's remaining contentions.

Entered:  July 5, 2013                                    Frances E. Cafarell
                                                         Clerk of the Court